1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHEYENNE BROWN,

                                        Plaintiff,

        v.

RON FRAKER,

                                        Defendants.

No. C12-5692 RBL/KLS

ORDER TO AMEND OR SHOW CAUSE

10      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

11  U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Plaintiff has been granted leave to proceed *in*

12  *forma pauperis*.  Before the Court for review is Plaintiff's proposed civil rights complaint.  ECF

13  No. 4.  The Court will not direct service of Plaintiff's complaint at this time because it is

14  deficient.  However, Plaintiff will be given an opportunity to file an amended complaint.

15

16                                  **DISCUSSION**

17      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

18  complaints brought by prisoners seeking relief against a governmental entity or officer or

19  employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

20  or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

21  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

22  defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See

23

24  *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

25      A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v.*

26  *Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.

ORDER TO AMEND OR SHOW CAUSE- 1

1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*,

490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

to relief above the speculative level, on the assumption that all the allegations in the complaint

are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the

face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

       Although complaints are to be liberally construed in a plaintiff's favor, conclusory

allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply

essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of

Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that

amendment would be futile, however, a pro se litigant must be given the opportunity to amend

his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

       Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must

provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it

rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in

order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

particular defendant has caused or personally participated in causing the deprivation of a

particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

ORDER TO AMEND OR SHOW CAUSE- 2

commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.     Prisoner Grievance**

Plaintiff states that there is a grievance procedure available at the Clallam Bay Corrections Center. ECF No. 4, at 2. However, he does not allege that he has filed any grievance concerning the facts relating to this complaint nor does he explain why he has not done so. *Id.* The Prison Litigation Reform Act of 1995 (PLRA) mandates that:

> *No action shall be brought with respect to prison conditions* under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison or other correctional facility, *until such administrative remedies as are available are exhausted*.

42 U.S.C. § 1997e [emphasis added].

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought to court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007). Inmates must exhaust their prison grievance remedies before filing suit if the prison grievance system is capable of providing any relief or taking any action in response to the grievance. "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). The "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The underlying premise is that requiring exhaustion "reduce[s] the quantity and improve[s] the quality of prisoner suits, [and] affords corrections officials an opportunity to address complaints internally. . . . In some instances, corrective action taken in response to an inmate's grievance

ORDER TO AMEND OR SHOW CAUSE- 3

might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id.* at 525.

Plaintiff does not allege that he has exhausted his administrative remedies prior to filing his claims in this action.

**B.    April 24, 2011 and May 18, 2012 Assaults**

Plaintiff alleges that on April 24, 2011 he was assaulted by an inmate and that his sunglasses were knocked to the floor.  ECF No. 4, at 3.  He states that "staff should have secured his sunglasses."  *Id.*  His state tort claim for loss of the sunglasses was denied.  *Id.*

Plaintiff alleges further that on May 18, 2012 he was physically assaulted by his cell mate, who has a history of mental illness.  Although Plaintiff alleges that he "could have been hospitalized or even killed" he does not allege that he was injured.  He alleges that "D.O.C. failed to adequately protect him" and that unnamed "prison officials" do not adequately screen inmates for mental health issues.  *Id.*

Plaintiff names only Ron Fraker, the superintendent of Clallam Bay Corrections Center, as a defendant.  He alleges that as the superintendent, Ron Fraker had a duty to properly train and supervise his staff but failed in his duty to adequately protect the Plaintiff from the assaults that occurred on April 24, 2011 and May 18.  ECF No. 4, at 3.

Prison officials have the duty to take reasonable steps to protect inmates from harm. *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir.1982).  Failure to protect an inmate from attacks by other inmates may give rise to a constitutional violation if prison officials deliberately, or recklessly, disregard an inmate's safety.  *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986).

To be liable for failing to protect an inmate, a prison official must be aware of sufficient information about a particular danger, which in turn gives rise to an affirmative duty to protect

ORDER TO AMEND OR SHOW CAUSE- 4

the threatened inmate.  *Kincheloe*, 794 F.2d at 460.  Prison officials do not act recklessly in regards to an inmate's safety unless they are aware of a specific threat to an inmate and fail to act to prevent the attack.  *Id.*  That a particular inmate expresses fear of harm by virtue of his being in prison with violent criminals is not enough to give rise to a duty on the part of prison officials. *Id*. at 461.

To be entitled to judgment on a failure to protect claim under the Eighth Amendment, a plaintiff must show a causal relationship between his or her injury and the deliberate actions of the defendant prison official.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).  The issue of causation must be resolved by an individualized inquiry into each defendant's duties, discretion, and ability to avert the threatened harm.  *Id*. at 633–34.  Plaintiff must prove: (1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the Eight Amendment, and (2) that this indifference was the actual and proximate cause of the deprivation of the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  *Id*.

A supervisory official is not liable for the actions of subordinates on a *respondeat superior* theory under 42 U.S.C. § 1983.  *Jeffers v. Gomez*, 267 F.3d 895, 910, 915 (9th Cir.2001) (citing *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989)).  "A supervisor may be liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Id*. (internal quotations omitted).  A causal connection is "an affirmative link" between a constitutional deprivation and "the adoption of any plan or policy by [a supervisor,] express or otherwise showing [his or her] authorization or approval of such misconduct."  *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  The inquiry into causation "must be individualized" and focused on the duties and

ORDER TO AMEND OR SHOW CAUSE- 5

1    responsibilities of the individual defendant whose acts or omissions are alleged to have caused a

2    violation.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).

3            Plaintiff alleges only that "D.O.C. failed to protect him", that certain unnamed "prison

4    officials" failed to adequately screen inmates, and that Ron Fraker "failed to train and supervise

5    his staff."  This is not sufficient to state a claim under 42 U.S.C. § 1983.  Plaintiff cannot rely on

6    conclusory and general statements.  He must name the individual guards who were involved in

7    the alleged misconduct.  Additionally, he must explain how Mr. Fraker was involved in

8    depriving Plaintiff of his constitutional rights.  As a supervisor, Mr. Fraker can be held liable

9    only if he was personally involved in harming Plaintiff or he adopted a plan or policy that

10   expressly or otherwise approved of the type of misconduct that led to the harm described in

11   Plaintiff's complaint.  Plaintiff has not alleged any such conduct.  To continue with this lawsuit,

12   Plaintiff must provide the factual basis for this claim to proceed.

13   **C.      April 24, 2011 - Loss of Sunglasses**

14           To the extent Plaintiff is attempting to bring a federal lawsuit for the loss of his

15   sunglasses, that claim is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

16   Neither the negligent deprivation of property nor the intentional deprivation of property states a

17   claim under Section 1983 provided the deprivation was random and unauthorized.  *See Parratt v.*

18   *Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part of other grds,*

19   *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986) (state

20   employee's negligent loss of prisoner's hobby kit did not state claim); *Hudson v. Palmer*, 468

21   U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property

22   did not state claim).  The availability of a state tort action to remedy such losses precludes relief

23   under Section 1983 because it provides adequate procedural due process and therefore no

ORDER TO AMEND OR SHOW CAUSE- 6

1   constitutional right has been violated.  *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986).

2   Under Washington law, prisoners may avail themselves of the DOC grievance process and/or file

3   tort claims against the state for the unlawful loss or destruction of their personal property.  *See*

4   RCW 72.02.045 (state and/or state officials may be liable for the negligent or intentional loss of

5   inmate property) and RCW 4.92.090 (state liable for the tortuous conduct of state officials).  A

6   prisoner does not have a right to a specific grievance procedure, as long as it is adequate, so that

7   a defendant merely ruling against an inmate's grievance does not contribute to the underlying

8   alleged deprivation.  *See Gallaher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009).

9

10          Here, Plaintiff alleges that he had an opportunity to file a tort claim in state court for

11  deprivation of his property.   Therefore, he has not stated a claim that is cognizable under 42

12  U.S.C. § 1983 because a state tort action was available.  Even though Plaintiff's tort claim was

13  denied, he was provided adequate due process and therefore, no constitutional right has been

14  violated.

15          Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff

16  may file an amended complaint curing, if possible, the above noted deficiencies, or show cause

17  explaining why this matter should not be dismissed no later than **September 14, 2012.**  If

18  Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of

19  have resulted in a deprivation of his constitutional rights.  The complaint must allege in specific

20  terms how each named defendant is involved.   The amended complaint must set forth all of

21  Plaintiff's factual claims, causes of action, and claims for relief.  Plaintiff shall set forth his

22  factual allegations **in separately numbered paragraphs** and shall allege with specificity the

23  following:

24

25

26

ORDER TO AMEND OR SHOW CAUSE- 7

(1)      the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)      the dates on which the conduct of each Defendant allegedly took place; and

(3)      the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

ORDER TO AMEND OR SHOW CAUSE- 8

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **September 14, 2012**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  10th  day of August, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 9